IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re: SIETHARATH CHHUN<br>**Debtor(s)** | |
| | CHAPTER 13 |
| SANTANDER BANK, N.A., AS SERVICER FOR SANTANDER CONSUMER USA INC.<br>**Moving Party** | Case No.: 26-10760 (DJB) |
| v. | **Hearing Date: 8-20-26 at 11:00 AM** |
| SIETHARATH CHHUN<br>**Respondent(s)** | 11 U.S.C. 362 |
| KENNETH E. WEST<br>**Trustee** | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Santander Bank, N.A., as servicer for Santander Consumer USA, Inc. (“Santander”) filing this its Motion For Relief From The Automatic Stay (“Motion”), and in support thereof, would respectfully show:

1. That on February 25, 2026, Sietharath Chhun filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

2. This Court has jurisdiction of the Motion by virtue of 11 U.S.C. 105, 361, 362, and 28 U.S.C. 157 and 1334.

3. On October 17, 2023 the Debtor entered into a retail installment contract for the purchase of a 2021 Nissan Armada bearing vehicle identification number JN8AY2BC4M9145886. The contract was assigned to Santander Consumer USA Inc. and the Debtor became indebted to Santander in accordance with the terms of same. Santander Consumer USA Inc. is designated as first lien holder on the title to the vehicle and holds a first purchase money security interest in the vehicle. Santander Bank, N.A. acts as servicer for

Santander Consumer USA Inc. A true copy of the contract and title inquiry to the vehicle are annexed hereto as *Exhibits A and B*.

4. The Debtor's account is past due from April 1, 2026 to June 1, 2026 with arrears in the amount of $2,220.12.

5. As of June 18, 2026, the Debtor's account with Santander had a net loan balance of $26,356.16.

6. According to the June 2026 NADA Official Used Car Guide, the vehicle has a current retail value of $23,300.00.

7. Santander Bank, N.A., as servicer for Santander Consumer USA Inc. alleges that the automatic stay should be lifted for cause under 11 U.S.C. 362(d)(1) in that Santander lacks adequate protection of its interest in the vehicle as evidenced by the following:

(a) The Debtor is failing to make payments to Santander and is failing to provide Santander with adequate protection.

(b) Santander has been unable to verify that the vehicle is insured; if the Debtor contests this Motion, he must provide Santander with proof of valid, current insurance by the date of the hearing.

WHEREFORE PREMISES CONSIDERED, Santander Bank, N.A., as servicer for Santander Consumer USA Inc. respectfully requests that upon final hearing of this Motion, (1) the automatic stay will be terminated as to Santander to permit Santander to seek its statutory and other available remedies; (2) that the stay terminate upon entry of this Order pursuant to the authority granted by Fed.R.Bank.P., Rule 4001(a)(4) and (3) Santander be granted such other and further relief as is just.

Respectfully submitted,

/s/ William E. Craig
William E. Craig
Eisenberg Gold & Agrawal, P.C.
1040 Kings Highway North #200
Cherry Hill, NJ 08034
(856) 330-6200
Attorney ID: 92329
Local Counsel for Santander Bank, N.A.
as servicer for Santander Consumer USA Inc.